UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ESLAM HASSAN,

                    Plaintiff,                                    **MEMORANDUM AND ORDER**
                                                                       18-CV-7025 (PKC)

          -against-

CORRECTIONAL OFFICER JOHN DOE;
CAPTAIN JOHN DOE; CORRECTIONAL
OFFICER JOHN DOE; WARDEN AND
SUPERINTENDENT JOHN AND JANE DOES;
GREGORY KUCZINSKI; COMMISSIONERS
JOHN AND JANE DOES; SCOTT M. STRINGER;
CHARLES CASTALDO; ANASTASIA PEREZ; and
KRYSTYNA BORKOWSKA,

                    Defendants.
--------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

         Plaintiff Eslam Hassan, currently incarcerated at Great Meadow Correctional Facility,

brings this *pro se* action under 42 U.S.C. § 1983 ("§ 1983") related to events that allegedly

occurred while he was previously housed at the Brooklyn Detention Center ("B.K.D.C.").  On

December 17, 2018, the Court denied Plaintiff's request for appointment of counsel.   On

December 19, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915.  For the reasons discussed below, Plaintiff's claims against Warden

and Superintendent John and Jane Does, Gregory Kuczinski, Commissioners John and Jane Does,

Scott M. Stringer, Charles Castaldo, Anastasia Perez, and Krystyna Borkowska are dismissed.  The

case will proceed as to the two John Doe Correctional Officers and Captain John Doe.

## BACKGROUND

Plaintiff states that on February 18, 2016, between approximately 5:00 a.m. and 6:00 a.m., he was attacked by another inmate in Unit 5C at the B.K.D.C. and suffered serious injuries that required him to be transported to a hospital. (Compl., Dkt. 1, at ECF[1] 2.) Plaintiff states that the inmate who attacked him at the B.K.D.C. had previously attacked him on February 15, 2016, while they were both housed at the Anna M. Kross Center ("A.M.K.C.") at Rikers Island. (*Id.*) According to Plaintiff, the two Correctional Officer John Doe Defendants and Defendant Captain John Doe

> breached [their] duty to protect and exercised deliberate indifference to plaintiff's safety and health by failing to protect me the plaintiff from any prison attack or inmate attack and to look up on recently attacks or fights as I had . . . a fight with the same inmate where I got jumped at 2/15/16 in A.M.K.C. and got attack[ed] by him same inmate on 2/18/16 in B.K.D.C. that it was a serious conflict between me and the inmate before and they refuse to authorize safety or health or any enemies [th]at were at risk.

*Id.* at 3. Plaintiff further alleges that these Defendants also failed to immediately "protect plaintiff from the attack as soon as they knew it was occurring and didn't press any code emergence of the attack or didn't call anything on the matter on the incident as it was viewed . . . ." *Id.* at 4. Plaintiff seeks, *inter alia*, money damages. *Id.* at 6.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Plaintiff's claims against Warden and Superintendent John and Jane Does, Gregory Kuczinski, Commissioners John and Jane Does, Scott M. Stringer, Charles Castaldo, Anastasia Perez, and Krystyna Borkowska must be dismissed because Plaintiff has not advanced any facts connecting these individuals to the alleged constitutional violation. In a civil rights action, a plaintiff must demonstrate the defendant's direct or personal involvement in causing the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Leibovitz v. City of New York*, No. 15-CV-1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015); *Holmes v. Kelly*, No. 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

To the extent Plaintiff seeks to hold these Defendants accountable based on their supervisory positions, the Court notes that liability under § 1983 cannot generally be imposed on

a supervisor solely based on her position, and there is no respondeat superior or vicarious liability under § 1983. *See Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003); *Hurdle v. Pagnotta*, No. 16-CV-4186, 2016 WL 4186974, at *2 (E.D.N.Y. Aug. 5, 2016). Here, Plaintiff fails to allege any facts to support a claim against Warden and Superintendent John and Jane Does, Gregory Kuczinski, Commissioners John and Jane Does, Scott M. Stringer, Charles Castaldo, Anastasia Perez, and Krystyna Borkowska, and there is nothing in the complaint to suggest that any of these Defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights.

Accordingly, all claims against Warden and Superintendent John and Jane Does, Gregory Kuczinski, Commissioners John and Jane Does, Scott M. Stringer, Charles Castaldo, Anastasia Perez, and Krystyna Borkowska are dismissed. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to these Defendants, and the Clerk of Court is directed to amend the caption to reflect the dismissal of these individuals.

Plaintiff's claims against the two John Doe Correctional Officers and Captain John Doe shall proceed. The Court requests that Corporation Counsel ascertain the full names and service addresses of these Defendants, who were allegedly involved in the incident at the B.K.D.C. on February 18, 2016.[2] *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve these three Defendants as instructed by the Second Circuit in *Valentin*. Corporation Counsel is hereby

---

[2] Plaintiff describes these three Defendants in his complaint. (*See* Compl. at 7.)

requested to produce the information specified above regarding the identity and service addresses of the two John Doe Correctional Officers and Captain John Doe within forty-five (45) days from the entry of this Order. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names and service addresses of these three Defendants; summonses shall issue; and the United States Marshal Service shall serve the summonses, the complaint, and this Order upon them without prepayment of fees.

The Clerk of Court shall send a copy of this Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  January 4, 2019
        Brooklyn, New York