UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ESLAM HASSAN,

                Plaintiff,

  -against-

CORRECTION OFFICER SYRENA MITCHELL,
CORRECTION OFFICER STEFON WATSON,
and FORMER CORRECTION CAPTAIN
SHIRLEY MCGUIRE,

                Defendants.
-----------------------------------------------------------------X

ORDER
18 CV 7025 (PKC)(LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging his civil rights were violated pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On December 4, 2018, plaintiff commenced this *pro se*[1] action alleging, *inter alia*, that he was attacked by another inmate at the Brooklyn Detention Center ("B.K.D.C.") on February 18, 2016, and that the defendants failed to protect plaintiff from the attack, which caused him serious injuries. Compl., ECF No. 1. On January 4, 2019, Judge Chen dismissed plaintiff's claims against Warden and Superintendent John and Jane Does, Gregory Kuczinski, Commissioners John and Jane Does, Scott M. Stringer, Charles Castaldo, Anastasia Perez, and Krystyna Borkowska, but permitted plaintiff's claims against the two John Doe Correction Officers and Captain John Doe to proceed. Mem. & Order, ECF No. 6. In accordance with Judge Chen's Order, the Office of

---

[1] Plaintiff's motion to appoint counsel, ECF No. 3, was denied, but his motion to proceed *in forma pauperis,* ECF No. 2, was granted. Electronic Order 12/17/2018; Electronic Order 12/19/2018.

the Corporation Counsel ("the Office") provided the proper names and service addresses for the two John Doe Correction Officers and Captain John Doe, and the caption was amended to name Correction Officers Syrena Mitchell and Stefon Watson and Former Correction Captain Shirley McGuire.  ECF Nos. 6, 12-13.

The Court held the initial conference in this action on July 18, 2019, and the parties were subsequently ordered to complete all discovery in this action by November 29, 2019.  ECF Nos. 26, 28.  The parties were last before the Court on February 19, 2020, for an in-person status conference, at which time the parties exchanged various discovery documents, plaintiff's deposition was scheduled for March 31, 2020, the deadline to complete discovery was extended to April 15, 2020.  ECF No. 57.  Plaintiff was also "reminded that he must contact that Court if his address or telephone number changes in the future."  ECF No. 57 at 2.

After the parties jointly requested that the Court hold a settlement conference in this matter, the Court scheduled a telephone conference in this case for March 26, 2020.  ECF Nos. 59-60, 62.  In advance of the March 26, 2020, conference, defendants' counsel informed the Court that "[d]espite multiple attempts and voicemails [], I have been unable to reach plaintiff at the phone number that he provided me."  ECF No. 63.  The Court held the telephone status conference in this action on March 26, 2020, as previously scheduled.  See ECF Nos. 64, 62, 60.   Defendants' counsel appeared by telephone; however, plaintiff failed to appear.  ECF No. 64.  In light of the COVID-19 public health emergency, the Court stayed the pending discovery deadlines and the deadline to request a pre-motion conference.  Id.

On May 1, 2020, defendants' counsel requested an extension of the stay and reported that he could not reach plaintiff, as plaintiff's phone number was no longer in service and counsel's attempts to contact plaintiff by phone at the Blake Avenue Shelter were unsuccessful.  ECF No.

65. Accordingly, on May 5, 2020, the Court extended the stay of the deadlines for the parties to complete discovery and to request a pre-motion conference and further ordered plaintiff to write to the Court to provide an address where he can receive mail by June 30, 2020.[2]  ECF No. 66. Plaintiff was expressly warned that if he failed to respond to the Court's Order by June 30, 2020, I would assume that he had abandoned this action and would recommend that this case should be dismissed.  Id.[3]

Plaintiff has failed to respond to the Court's May 5, 2020, Order, ECF No. 66, to date. Moreover, defendants' counsel informs the Court that he has been unable to engage in discovery with plaintiff and has not been able to reach plaintiff since March 13, 2020. See ECF Nos. 67-68.[4]

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [] gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

This case cannot proceed without plaintiff's current contact information. See Edwards v. Stevens, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (internal quotation

---

[2]  Plaintiff was also ordered to provide his phone number if he had one. ECF No. 66.
[3] The Clerk of Court mailed the Order to plaintiff's most recent addresses:  Blake Avenue Shelter, 1000 Blake Avenue, Brooklyn, NY 11208, and also 712 Crown Street, Apt. # F19, Brooklyn, NY 11213. See ECF Nos. 66, 55, 58.
[4] The Clerk of Court is directed to terminate defendants' motion, ECF No. 61, requesting that the Court postpone discovery deadlines in this matter.  See ECF No. 64.

3

marks and citations omitted).[5] Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's failure to maintain a current address with the Court is a sufficient ground to dismiss a case without prejudice for failure to prosecute. See, e.g., Pratt v. Behari, No. 11 Civ. 6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012); Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) ("[B]ecause dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, dismissal of the complaint should be without prejudice.") (internal quotation marks and citations omitted) (collecting cases).

This is plaintiff's case to vindicate his rights, and it is plaintiff's obligation to notify the Court regarding his current contact information. Yet, plaintiff has not contacted the Court since March 9, 2020, see ECF No. 59, and he failed to respond to the Court's Order, ECF No. 66, to provide the Court with his mailing address by June 30, 2020. Plaintiff has made no effort to prosecute this case and has apparently abandoned the action. It would be futile to allow the case to continue. I therefore recommend that plaintiff's action should be dismissed without prejudice.[6]

---

[5] All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change[] addresses." Canario-Duran v. Borecky, No. 10-CV-1736 (DLI) (LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)).

[6] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard…and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (internal quotation marks and citations omitted). The District Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors. See Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal.") (internal citations omitted)). Here, plaintiff has not contacted the Court since March 9, 2020. Plaintiff is aware that he must provide the Court with current contact information. See ECF Nos. 29, 37, 52, 55, 58 (informing the Court of plaintiff's change of address). Furthermore, my Order explicitly warned plaintiff that, "if he fails to respond to the Court's Order by June 30, 2020, I will assume that he has abandoned this action and

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. The Court adjourns all deadlines in this case pending the Court's consideration of this Report.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: August 18, 2020
       Brooklyn, New York

---

I shall recommend that this case should be dismissed." ECF No. 66. Any lesser sanction would be futile as plaintiff has apparently abandoned the case.